INTERNATIONAL HARVESTER CO. OF AMERICA v. LANGERMANN.

(Circuit Court of Appeals, Eighth Circuit. December 24, 1919.)

No. 5198.

1. PRINCIPAL AND AGENT ☞104(2)—IMPLIED AUTHORITY OF AGENT TO WARRANT SAFETY OF MACHINE.

Where the manufacturer of a corn shredder had complied with all requirements of a state statute as to safety appliances and warning notices, as certified by a state inspector, who inspected the machine, a sales agent *held* without implied authority to give an additional oral warranty as to its safety of operation.

2. NEGLIGENCE ☞66(2)—CONTRIBUTORY NEGLIGENCE IN HANDLING MACHINE.

The act of plaintiff in reaching his hand into a space three inches wide between the feed rolls and snapping rolls of a corn shredder while in motion, where it was caught and was injured, *held* so obviously dangerous as to constitute contributory negligence.

3. TRIAL ☞174—MOTION FOR DIRECTED VERDICT SUFFICIENT.

Motion for direction of verdict "because it does not appear that Mr. C., the sales agent in this case, had any authority to make a warranty or contract or representation appearing in the evidence," *held* sufficient.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action by Alphonse Langermann against the International Harvester Company of America. Judgment for plaintiff, and defendant brings error. Reversed.

Guy Chase, of St. Paul, Minn., and George W. Morgan, of Duluth, Minn. (Davis, Severance & Olds and P. J. McLaughlin, all of St. Paul, Minn., on the brief), for plaintiff in error.

Stan D. Donnelly, of St. Paul, Minn. (Stan J. Donnelly, of St. Paul, Minn., on the brief), for defendant in error.

Before HOOK, Circuit Judge, and AMIDON, District Judge.

AMIDON, District Judge. Langermann brought this action against the International Harvester Company to recover damages for personal injuries. The trial resulted in a verdict and judgment in his favor, and the Harvester Company brings error.

[1] The case arose out of the following facts: Plaintiff and his brother purchased a corn husker and shredder of the defendant. The sales agent through whom it was sold had some negotiations with them about a secondhand machine. He pointed out that that machine was made upon an old model; that it did not comply with the requirements of the statute of Minnesota, and urged plaintiff and his brother to buy a new machine. His representations as to the safety features of the new machine are an important point in the case. It is claimed that he stated orally substantially as follows:

"This new machine, we guarantee it perfectly safe, so that you cannot come to any harm or any injuries by this new machine, because the law stands back of it; you cannot come to any harm. You buy this new machine, and we will send up an expert with the machine to set it up, to help unload it and set it

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

up, and to put it together for you, show you how to operate it, show you all dangerous parts about the machine. Boys, that is worth a whole lot, to be safe and know you are working around a machine that is safe, that you need not come to any injuries or harm."

Plaintiff claims he bought the machine on these oral warranties, and that he was injured because it failed to measure up to them in its safety features.

[2] The accident happened in this way: The corn husker clogged. Plaintiff, while it was in motion, climbed up onto the feed apron, reached over into the space, about three inches wide, between the feed rolls and the snapping rolls. He first pulled out a handful of the clogged cornstalks. He then undertook to spread out the rest of them, so that the snapping rolls would engage them and pull them through the machine. His hand was drawn into the snapping rolls and seriously injured.

Plaintiff claims that the machine failed to measure up to the warranties in these particulars: First, the opening was not protected by any guard; second, that there was no warning against putting the hands into the machine at this point; third, there were numerous specific warnings of that kind at other points of danger on the machine. He had been running the shredder only a few hours when the accident happened. The expert who brought it out to his place explained it, but did not give specific warning in regard to the particular point or danger. Because plaintiff's engine was out of repair, they were unable to start up the shredder, and run it, and give the advice along with the dangers in the actual operating of the machine. Plaintiff, however, signed a written exoneration excusing the expert from giving him such instructions, because the engine was not working; so that is not a feature of defendant's liability.

The case presents these questions: First. Had a mere sales agent implied authority to make oral warranties as to the safety of the machine? Second. A state inspector had inspected the machine, and given his certificate that the machine had all the safety appliances and warnings required by the state statute. Could an agent impose liabilities upon the defendant by special warranties that were broader than the law and the judgment of the inspector? Third. Was the machine in fact defective, in that it failed to contain any safety appliance or warning such as plaintiff relies on? Fourth. Was not the plaintiff clearly guilty of contributory negligence?

The corn husker and shredder was made in conformity with the state law and was marked with the warnings which the public authorities charged with the administration of the law required to be placed upon it. So there was no failure on the part of defendant to fully comply with the state law and the requirements of the officers of the state charged with its administration. Second. It was not practical to put any guard or covering to protect an operative against injury when he was attempting to do what the plaintiff tried to do while the machine was in motion. It was an act so manifestly reckless and dangerous that it could not be anticipated that any reasonable man would attempt to do it. Accidents had happened so frequently in re-

gard to corn shredders, by the hands of the feeder being drawn into the first or feed cylinder, that the statute of Minnesota was passed to compel makers and sellers of such machines to build them in such a way as to safeguard against that danger and to warn purchasers. This statute was never intended to warn purchasers against the dangers of such an act as the plaintiff was attempting to do, because, as we have said, it was such a foolhardy act that no lawmaker or manufacturer could anticipate that an operator of a machine would undertake to do it while the machine was in motion. So, in our judgment, the sales agent of defendant had no implied authority to impose liability upon it in respect to such an act. Third. We think the plaintiff was guilty of reckless negligence.

For these reasons the case ought not to have been submitted to the jury.

[3] There is one other point of practice. There was a motion for a directed verdict at the conclusion of the evidence. As to the contributory negligence of plaintiff, the motion is entirely satisfactory and clear. As to the authority of the sales agent, the language of the motion is:

"And because it does not appear that Mr. Corcoran, the sales agent in this case, had any authority to make a warranty or contract or representation appearing in the evidence."

The motion was denied, and an exception saved. We think it was sufficient.

The judgment is reversed, with directions to grant a new trial.